UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES ALBERT WEBER,                )
                                   )  No. CV-10-3112-JPH
           Plaintiff,              )
                                   )  ORDER GRANTING PLAINTIFF'S
v.                                 )  MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
           Defendant.              )
                                   )
_____)

        BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on January 20, 2012 (ECF No. 13,
18). Attorney Thomas A. Bothwell represents Plaintiff; Special
Assistant United States Attorney Nancy A. Milshanie represents the
Commissioner of Social Security (Defendant). The parties have
consented to proceed before a magistrate judge (ECF No. 6). On
January 3, 2012, Plaintiff filed a reply (ECF No. 20). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment
(**ECF No. 13**) and **reverses and remands** for further administrative
proceedings.

                          **JURISDICTION**

        Plaintiff protectively applied for disability insurance
benefits (DIB) on August 29, 2005, alleging disability since
January 1, 1994; at the hearing, he amended onset to June 1, 2004

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                        - 1 -

(Tr. 52-54, 667). The application was denied initially and on reconsideration (Tr. 25-26, 33-35).

Administrative Law Judge (ALJ) Robert S. Chester held a hearing on August 20, 2008. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 660-684). The ALJ found plaintiff was insured for DIB purposes through December 31, 2005 (Tr. 11, 13). On September 17, 2008, the ALJ found at step one that plaintiff engaged in substantial gainful activity during the relevant period (Tr. 13). Accordingly, he found plaintiff is not disabled as defined by the Act (Tr. 16-17). On October 14, 2010, the Appeals Council denied review (Tr. 2-4), making the ALJ's decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 22, 2010 (ECF No. 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of both parties. They are briefly summarized here.

During the relevant period Mr. Weber co-owned a restaurant. The question on appeal is whether the ALJ correctly found at step one that plaintiff's self-employment at this restaurant amounted to substantial gainful activity (SGA) as defined by the regulations, during the relevant period of June 1, 2004, until his last insured date, December 31, 2005.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than twelve
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus,
the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir.2001).

    The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                          - 3 -

App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 4 -

Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more
than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119
n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister
v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v.
Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th
Cir.1988). Substantial evidence "means such evidence as a
reasonable mind might accept as adequate to support a conclusion."
*Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations
omitted). "[S]uch inferences and conclusions as the [Commissioner]
may reasonably draw from the evidence" will also be upheld. *Mark
v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the
Court considers the record as a whole, not just the evidence
supporting the decision of the Commissioner. *Weetman v. Sullivan,*
877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d
525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

(9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

As noted, at the onset the ALJ found plaintiff's DIB coverage was effective through December 31, 2005 (Tr. 11, 13). At step one, ALJ Chester found plaintiff engaged in substantial gainful activity after onset on June 1, 2004 (Tr. 13). He found from onset through plaintiff's last insured date "there was no continuous 12-month period during which the claimant did not engage in substantial gainful activity" (Tr. 16). Because step one was dispositive, the ALJ found plaintiff not disabled as defined by the Social Security Act (Tr. 17).

**ISSUES**

Plaintiff alleges the ALJ failed to consider the correct factors for determining SGA and improperly weighed the evidence (ECF No. 14 at 11). The Commissioner answers that the Court should affirm the decision because it is supported by the evidence and free of error (ECF No. 19 at 2).

**DISCUSSION**

**A. Substantial gainful activity**

Substantial gainful activity is work done for pay or profit

that involves significant mental or physical activities. 20 C.F.R.

§§ 404.1571-404.1572 & 416.971-416.975. Earnings can be a

presumptive, but not conclusive, sign of whether a job is

substantial gainful activity. *Lewis v. Apfel*, 236 F.3d 503, 515

(9ᵗʰ Cir.2001)(citations to regulations omitted).

Whether work performed by self-employed persons constitutes

SGA is governed by SSR 83-34, which provides:

> "Significant activities" are useful in the operation of a
> business and have economic value. Work may be substantial
> even if it is performed on a part-time basis, or even if
> the individual does less, has less responsibility, or makes
> less income than in previous work. Work activity by a self-
> employed person is gainful if is the kind of work usually
> done for profit, whether or not a profit is realized.
> Activities such as self-care [and] household tasks . . .
> are generally not considered to be SGA.
>
>     By working, an individual may demonstrate that he or
> she is, at least during the time of working, able to engage
> in SGA.
>
> . . . In determining whether a self-employed individual is
> engaging in SGA, consideration must be given to the
> individual's activities and their value to his or her
> business. Self-employment income alone is not a reliable
> factor in determining SGA, since it is influenced not only
> by the individual's services but also by such things as
> market conditions, capital investments, the services of
> other people, and agreements on distribution of profits.
> An individual's services may help build up capital assets
> during a period of development when no profits are evident,
> or they may reduce losses during temporary periods of poor
> business conditions. On the other hand, a person who is
> incapable of rendering valuable services may receive a large
> income solely because of his or her capital investment in
> the business. Hence, it is necessary to consider the
> economic value of the individual's services, regardless of
> whether an immediate income results from such services.

SSR 83-34.

Three tests are used to determine SGA for the self-employed.

With respect to all three,

> "it is essential that the evidence show not only what
> the individual's activities have been since the alleged

date of disability onset, but also how such activities
compare with those he or she performed before that date.
A before-and-after comparison in development should point
up any discrepancies between allegations as to a reduction
in the individual's services and the apparent need of the
business for services of that type. For example, it would
not be adequate to document an alleged decline in the
individual's activities after the alleged onset date
without at the same time documenting how this affected
the business and the extent to which supplementation or
replacement of the individual's services was made by other
individuals after the alleged date of onset.

    Work in self-employment would not demonstrate
the ability to engage in SGA if, after working a short
time (that is, no more than 6 months), the individual
involuntarily discontinued or reduced such work below the
SGA level for reasons relating to his or her impairment.
Such an effort would be defined as an unsuccessful work
attempt (UWA).(Regulations 404.1575(a) and 416.975(a).)

    Evaluation of Work Activity by Self-Employed Persons

    . . .

    A. Test One: Significant Services and Substantial Income
The individual's work activity is SGA if he or she renders
services that are significant to the operation of the
business and if he or she receives a substantial income from
the business.
... In a business involving the services of more than one
individual, a sole owner or partner will be found to be
rendering significant services if he or she contributes more
than half the total time required for management of the
business, or renders management services for more than 45
hours a month regardless of the total management time
required by the business. Where the services of a sole owner
or partner are significant under either of these tests, the
individual will be found engaged in SGA if he or she receives
substantial income from the business. A sole owner or partner
may also be found engaged in SGA on the basis of tests two
and three (the comparability or worth of work tests) as
explained in section B. below.
...

    Substantial Income. A self-employed individual will have
substantial income from a business if "countable income[1]"
(see subsection b.(1)) from the business averages more per

---

[1]Countable income means the actual value of the work the
person performed. This is determined by considering the income
remaining after applicable deductions are taken. SSR 83-34 at
2.b(1).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                          - 8 -

month than the amount shown ... in the SGA Earnings
Guidelines... Even if "countable income" from the business
does not average more than the applicable amount shown in
the Guidelines, a self-employed individual will have
substantial income from a business if the livelihood which
he or she derives from the business is comparable to that of
unimpaired self-employed individuals in his or her community
engaged in the same or similar businesses as their means of
livelihood.

...

(2) <u>Determining Average Monthly "Countable Income."</u> With
respect to income under test one, determinations are made in
terms of average monthly income. Thus, if a self-employed
person's average monthly "countable income" exceeds the
Earnings Guidelines, he or she will be found to have
substantial income.
...

c. <u>Determining Whether a Self-Employed Person's Livelihood
Compares With Personal or Community Standard of Livelihood</u>.
If the self-employed person's average monthly or "countable
income" does not exceed the amount shown for the particular
calendar year in the Earnings Guidelines, it is necessary to
consider whether his or her livelihood from the business is
comparable to either that which he or she had before becoming
disabled, or to that of unimpaired self-employed persons in
the community engaged in the same or similar businesses as
their means of livelihood.

(1) <u>General Considerations</u>. The experience of the District
Office (DO) is of particular value in determining whether
the individual is deriving, or can be expected to derive,
a substantial income from his or her business.
...

B. <u>Tests Two and Three: Comparability of Work and Worth of
Work.</u>
1. <u>General</u>. If it is clearly established that the self-
employed person in not engaged in SGA on the basis of
significant services and substantial income, both the second
and the third SGA tests concerning comparability and worth of
work must be considered. According to these tests, the
individual will be engaged in SGA if evidence clearly
demonstrates that:

    a. The individual's work activity, in terms of all
relevant factors such as hours, skills, energy output,
efficiency, duties, and responsibilities is comparable to
that of unimpaired individuals in the same community engaged
in the same or similar business as their means of livelihood;

or
    b. The individual's work activity, although not

comparable to that of unimpaired individuals as indicated above, is, nevertheless, clearly worth more than the amount shown for the particular calendar year in the SGA Earnings Guidelines when considered in terms of its value to the business, or when compared to the salary an owner would pay to an employee for such duties in that business setting.

2. Development of Comparability and Worth of Work Activity. When the impaired individual operates a business at a level comparable to that of unimpaired individuals in the community who make their livelihood from the same or similar kind of business, there can be a finding of SGA by the impaired person.

To establish comparability of work activity, it is necessary to show that the disabled person is performing at a level comparable to that of unimpaired persons, considering the following factors: hours, skills, energy output, efficiency, duties and responsibilities.

The lack of conclusive evidence as to the comparability of the required factors will result in a finding that work performed is not SGA.

... Each work factor cited above must be described in detail, showing its contribution to the business operation. General descriptions are considered inconclusive evidence for the point-by-point comparison that is required. If only a general description is possible or available, any doubt as to the comparability of the factors should be resolved in favor of the impaired individual... Contact, therefore, should be made with people having firsthand knowledge of the impaired individual's work situation obtained through actual participation or knowledge.

SSR 83-34.

As the regulation indicates, earnings at less than SGA level may constitute an unsuccessful work attempt. The SSA noted in August 2006 that Plaintiff's income for the relevant period of 2004 and 2005 was less than $3500. They point out Plaintiff attempted to work but eventually had to sell the restaurant. Unlike the ALJ, the Administration characterized Plaintiff's work in 2004 and 2005 as an unsuccessful work attempt, not SGA (Tr. 432).

The ALJ correctly found Plaintiff's earnings are less than SGA levels (Tr. 15, citing Exhibits 1D, 2D, 4D). However, his

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                              - 10 -

ensuing analysis is flawed:

> "Review of tax returns, however, does indicate that the claimant was a partner in the business, and there is every evidence to indicate that this business supported the claimant and his uncle [the other partner].
>
> ... In this case, the claimant claims that although he was owner/manager of a restaurant until it was sold in 2006, he could not do the work anymore. However, review of the medical record, the newspaper article [Tr. 419-422], and his own Activity Report indicate he was participating in work activities to the betterment of the business. As an owner/manager, he was making business decisions. The undersigned acknowledges that the claimant has multiple sclerosis and takes medication for this condition, but records indicate the condition was stable throughout the period at issue."

(Tr. 16).

The ALJ is incorrect in several respects. Plaintiff's condition was not stable throughout the period at issue. An MRI dated March 14, 2005, shows spinal lesions at C2 and C3 (Tr. 491, 594). On September 16, 2005, plaintiff's pain had increased over the past two weeks and he was having sleep problems. His pain medications had been working well until two weeks ago (Tr. 486). During the relevant period, he was continually treated for symptoms associated with multiple sclerosis (MS): fatigue, chronic pain (including neuropathy), flu-like symptoms, dizziness, balance and sleep problems, leg pain, numbness in the palms of his hands, and injection site symptoms. As pain increased, medications were adjusted. He describes being unable to think clearly due to pain and pain medication, working 30 minutes and then resting for two hours, and being productive at work only 1-2 hours a day. Plaintiff indicates the business had to hire people "to do my job," and they had to be paid, reducing Plaintiff's income. (Tr. 426-427, 429-430, 435, 438, 449, 482, 484, 486-488, 494-496, 505-507, 509-510, 513-514, 519-520, 523, 556, 559, 575, 672-673, 675-

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                                    - 11 -

677).

Coworkers describe Plaintiff's need to lie down after taking pain medication (Tr. 444-447). The business partner indicates he performed 99% of the work running the business (Tr. 445). Plaintiff's medical providers opine he is disabled, and most believe that he was during the relevant period (Tr. 469, 470, 492, 496, 598, 638, 642, 650).

There is evidence which may indicate non-disability, but it is not substantial. On August 30, 2005, Plaintiff told treatment provider Rachel Mattern, PA, he helps run the restaurant 7 days a week, and this is getting harder as he is on his feet most of the time. He applied for disability benefits (Tr. 485). In November 2005, he experienced more breakthrough pain, and dizziness from increasing hydrocodone for pain relief (Tr. 486). In December 2005, Plaintiff reported he "had been extremely busy at the restaurant this last month" and needed to use more oxycodone than usual for breakthrough pain (Tr. 488).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592

(9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830.

The ALJ's finding that Plaintiff's condition remained stable during the relevant period is refuted by medical and lay evidence.

The lack of conclusive evidence as to the comparability of the required factors will result in a finding that self-employed work performed is not SGA. SSR 83-34. The ALJ's conclusion Plaintiff engaged in SGA between June 1, 2004, and December 31, 2005, is not supported by substantial evidence.

**B. Remand**

The Court has discretion to remand for "an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996). Here, the ALJ's statement Plaintiff's condition was stable during the relevant period is not supported by substantial evidence. Medical and lay evidence indicates that Plaintiff's condition worsened.

There is no conclusive evidence as to the comparability of the required factors necessary to establish SGA under the second and third tests. Accordingly, the work performed was not SGA. SSR 83-34.

Although the VE opined a person with Plaintiff's limitations would be unable to work (Tr. 683), Plaintiff's statements about his level of work activity have been inconsistent, making an award of benefits is premature. In addition, the record is not fully developed. The record does not show when employees were hired to do Plaintiff's work, how many people were hired, and what hours

they worked. On remand tests two and three outlined in SSR 83-34 must be utilized at step one of the sequential evaluation, which will require expanding the record.

The Court wishes to make clear that it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the additional evidence he or she deems appropriate. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)("[Q]uestions of credibility and conflicts in the testimony are functions solely of the Secretary."

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision contains legal error and is not supported by substantial evidence..

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED.** The case is **reversed and remanded** pursuant to sentence four for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(ECF No. 18)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 31st day of January, 2012.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                    - 14 -